WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Miguel Angel Nunez Pompa, )
         Petitioner, )   CR 08-92 TUC-DCB
v. )   (BOP # 35895-208)
 )
United States of America, )   **ORDER**
 )
         Respondent. )
 )
_____)

      Pending before this Court is Nunez-Pompa's "Motion for Sentence Adjustment." For the reasons set forth below, Petitioner is not entitled to relief.

      On September 5, 2009, the Court denied Petitioner relief under 28 U.S.C. § 2255. *See* (Order (doc. 11).) Unlike the habeas Petition, the Motion for Sentence Adjustment fails to state a jurisdictional basis for relief.

      Furthermore, even if jurisdiction existed for the Court to consider the Motion for Sentence Adjustment, it would be denied. As noted when the Court summarily denied the habeas Petition, under the terms of the Defendant's Plea Agreement, he waived his right to appeal, directly or collaterally, his sentence. *Id.* at 2.

      Substantively, his Motion for Sentence Adjustment also fails. He alleges that, due to his alien status, he is prohibited from participating in certain Bureau of Prisons ("BOP") benefits and programs, specifically he cannot receive a half-way house release. (Motion at 1.) The Ninth Circuit has already conclusively decided that BOP regulations which exclude prisoners with detainers, including deportable aliens like Petitioner, from

community-based programs do not violate the Constitution. *McLean v. Crabtree,* 173 F.3d 1176, 1185-1186 (9th Cir. 1999).

**Accordingly,**

**IT IS ORDERED** that the Motion for Sentence Adjustment (doc 21) is DENIED.

DATED this 18th day of May, 2009.

David C. Bury
United States District Judge

2